*Eastern Dis.*
*May,* 1841.

PARLANGE
*vs.*
HIS CREDITORS.

====

### PARLANGE vs. HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Under the act of 25th March, 1808, for the benefit of insolvent debtors in actual custody, any creditor, at any stage of the proceedings, may make a charge and suggestion of fraud, to which the debtor must plead, and the issue is to be tried by a jury.

The debtor cannot avoid this issue by denying the creditor's right to vote for or against his discharge because his claim is not proven by a notarial act, &c. There is nothing in the law requiring the creditor to give his vote before filing the suggestion of fraud therein alluded to.

The plaintiff being in custody under two executions, made application for the insolvent law of 1808, for the benefit of

debtors in actual custody.   He filed his petition and schedule, and prayed to be released from custody.

Wallet and Populus, the two creditors who had arrested the insolvent, made opposition and suggested fraud; alleging he had not made a fair surrender, but had retained valuable furniture, credits or debts due to him, &c.   They propounded interrogatories touching the matters charged as fraudulent which were promptly answered; the insolvent stating in explicit terms he had made a fair surrender of all his property.   He took a rule to set aside the oppositions and to be discharged from custody.

The judge was of opinion the oppositions should be tried; and for this purpose ordered a collateral issue to be made up on the charge or suggestion of fraud to be tried by a jury.   The insolvent debtor appealed.

*Preaux*, for the plaintiff and appellant, relied on the first section of the 25th March, 1808; 1 Moreau's Dig., *verbo· insolvent debtors*.

2. The oppositions should be set aside, because they are not sworn to.   An affidavit is required in such cases.

3. The opposing creditors have not shown they are creditors by notarial acts, or other authentic proof.

*Castera*, for the opposing creditors and appellees, urged the affirmance of the judgment of the District Court.   It was in accordance with law.

*Simon, J.* delivered the opinion of the court.

This is an appeal from an interlocutory judgment ordering a collateral issue for the purpose of trying before a jury certain charges of fraud made against the petitioner by two of his creditors.

The appellant, an insolvent debtor in actual custody, having claimed the benefit of the laws of insolvency under the act of the 25th of March, 1808, his creditors consented to his release. On the same day that the creditors' votes were received, two

judgment creditors, H. Wallet and B. Populus, who had not exercised their right of voting for or against his said release, filed their allegations of fraud against the insolvent, and propounded him interrogatories which were immediately answered. Some short time afterwards, the insolvent obtained a rule on the opposing creditors, to show cause why their oppositions should not be set aside, and why the petitioner should not be discharged from imprisonment, on the ground that no creditor has any right to vote in favor or against the release of an insolvent debtor in actual custody, if his claim is not proven by a notarial act or by some other collateral proof supported by the oath of said creditors, and that no notarial act or oath was presented before the court at the meeting of the creditors in open court on the day the oppositions were filed. The court below discharged the rule, and the insolvent appealed.

The same ground is now insisted upon before us, and we are referred to the *first section of the act of the* 31st *March,* 1808, 1 *Moreau's Dig.,* 573. It is true that under this section, no creditor of an insolvent debtor has any right of voting for or against his release, unless he proves his debt in the manner therein set forth, so as to satisfy the court as to the nature and origin of the debt, and to leave no doubt of its reality; but the *sixth section of the act of the* 25th *March,* 1808, provides that " when fraud is presumed or charged by any one of the creditors in any stage of proceedings had before the court, the judge shall direct a collateral issue to try the same before the jury, and for that purpose, *a suggestion shall be filed in which the facts to be relied on, shall be stated* and the debtor shall plead to the same." We consider this *proviso* as being particularly applicable to the present case, and there is nothing in it that requires the creditor to give his vote before filing the suggestion of fraud therein alluded to; this may be done at any stage of the proceedings had before the court previous to the definitive discharge; and we are not aware that such suggestion ought to be supported by the same kind of proof as may be necessary to give to the creditor the right of voting.

EASTERN DIS.
*May,* 1841.
——————
PARLANGE
*vs.*
HIS CREDITORS.

Under the act of 25th March, 1808, for the benefit of insolvent debtors in actual custody, any creditor, at any stage of the proceedings may make a charge and suggestion of fraud, to which the debtor must plead, and the issue is to be tried by a jury.

The debtor cannot avoid this issue by denying the creditor's right to vote for or against his discharge because his claim is not proven by a notarial act, &c. There is nothing in the law requiring the creditor to give his vote before filing the suggestion of fraud therein alluded to.

By alleging fraud, the creditor gives no vote, he merely makes an opposition to the release of the debtor, founded on distinct and specified facts which he must prove and substantiate, and which, if not established, will not prevent the debtor's being forthwith discharged from the custody of the sheriff; whilst on the contrary, the vote of a creditor, being the expression of his consent or refusal to the release applied for by the insolvent, is to be counted among those who are for or against his demand, and is to have the effect of controlling a minority which perhaps would not exist in the absence of such vote. This is undoubtedly the reason why the law, for the protection of the other creditors, and to prevent collusion between the debtor and a pretended creditor, wisely requires the production of such proof as to leave no doubt of the reality of the debt due to the person who wishes to exercise the right of voting. Here, there is ample proof of the opponents being judgment creditors, they are carried on the bilan as such, and it also appears that the appellant, at the time of his surrender, was in actual custody by virtue of the judgments obtained against him by the appellees. This was sufficient to entitle the opponents to file their suggestion of fraud, and we are of opinion that the rule under consideration was properly discharged.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.